1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

JOANNE KNUPP, individual, and as
plaintiff's mother and guardian ad litem on

12

behalf of minor child, L.K.,

13

Plaintiffs,

14

v.

15

Amazon.com Services, LLC
("AMAZON"), is a Delaware limited

16

liability company; and DOES 1-50,

17

Defendants.

18

Case No.  1:23-cv-01112-NODJ-BAM

**ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT
AND JOINDER OF XIAMEN HUANOUI
YOUXUAN JINCHUKOU YOUXIAN
GONGSI AS A DEFENDANT**

(Doc. 21)

19

On February 2, 2024, Plaintiffs Joanne Knupp and L.K. filed the instant motion seeking

20

leave to file a first amended complaint to add Xiamen Huanoui Youxuan Jinchukou Youxian

21

Gongsi ("Xiamen") as an additional defendant for all asserted causes of action.  (Doc. 21.)

22

Defendant Amazon.com Services, LLC ("Amazon") did not oppose the motion.  The Court

23

deemed the matter suitable for decision without oral argument and vacated the hearing set for

24

March 8, 2024.  (Doc. 22.)  The motion is deemed submitted on the current record.  L. R. 230(g).

25

Having considered the unopposed motion and the record in this case, Plaintiffs' motion

26

for leave to file a first amended complaint and for joinder of Xiamen as a defendant will be

27

GRANTED.

28

1

1

**DISCUSSION**

2

Plaintiffs timely filed their motion for leave to amend on February 2, 2024, consistent

3

with the Scheduling Conference Order deadline to file stipulations or motions to amend, (Doc.

4

16). Plaintiffs' motion is therefore considered under the Federal Rule of Civil Procedure 15

5

standard for amendment to the pleadings. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d

6

604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order

7

deadline must satisfy the requirements of Federal Rule of Civil Procedure 16). Rule 15(a)

8

provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ.

9

P. 15(a)(2). The United States Supreme Court has stated:

10
11
12

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by virtue
> of allowance of the amendment, futility of amendment, etc. —the leave sought
> should, as the rules require, be "freely given."

13

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

14

merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,

15

649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

16

pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

17

(9th Cir. 1981).

18

Courts consider five factors in determining whether justice requires allowing amendment

19

under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of

20

amendment, and whether the plaintiff has previously amended the complaint." *Johnson v.*

21

*Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815,

22

845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th

23

Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long

24

been held to be the most critical factor in determining whether to grant leave to amend.

25

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and

26

others have held, it is the consideration of prejudice to the opposing party that carries the greatest

27

weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the

28

opposing party is the most important factor."). Absent prejudice, or a strong showing of any of

the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Plaintiffs seek leave to add Xiamen as a defendant in this action.  During discovery, Amazon reportedly identified Xiamen as a party associated with the defective product at issue and one that may have knowledge related to the manufacture and design of the defective product. Accordingly, on information and belief, Plaintiffs seek to add Xiamen as a manufacturer and/or supplier of the defective product.  (Doc. 21-2 at 3.)

In considering the relevant factors, the Court finds that leave to amend should be granted. First, there is no indication of undue delay.  As mentioned above, Plaintiffs timely submitted their motion to amend prior to the February 9, 2024 deadline for amendment of pleadings.  Second, there will be little prejudice to Amazon in permitting the amendment.  The case is still in the early stages of discovery, with a non-expert discovery deadline of October 18, 2024, and a trial date of October 28, 2025.  (*See* Doc. 16.)  Further, Amazon has not opposed the motion. Third, there is no indication that amendment is futile.  Federal Rule of Civil Procedure 20 permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(2)(A), (B).  Plaintiffs allege that Xiamen is liable for manufacturing and/or supplying defective products sold by Amazon that seriously harmed at least one minor in this district.  (Doc. 21-1 at 4.)  Plaintiffs' right to relief for all of the asserted claims against Amazon and Xiamen therefore arise out of the same transaction, occurrence, or series of transactions or occurrences; that is, the manufacture and sale of the defective product. Additionally, common questions of law and fact exist as to both defendants regarding, among other issues, products liability and breach of warranties.  (*See id*.)  Fourth, and finally, there is no indication that the amendment is brought in bad faith.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

///

1.      Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 21) is GRANTED;

2.      Within five (5) court days after issuance of this Order, Plaintiffs shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the motion; and

3.      Amazon shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **February 29, 2024**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE