UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE KNUPP, individual, and as plaintiff's mother and guardian on behalf of minor child, L.K., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM SERVICES, LLC, *et al*., <br><br> Defendants. | Case No. 1:23-cv-01112-KES-BAM <br><br> **ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND THE TIME TO SERVE DEFENDANT XIAMEN HUANQIU YOUXUAN JINCHUKOU YOUXIAN GONGSI BY SIXTY DAYS** <br><br> (Doc. 33) |

Currently pending before the Court is Plaintiffs' *ex parte* application for an order permitting an extension of time to serve Defendant Xiamen Huanoui Youxuan Jinchukou Youxian Gongsi ("Defendant Xiamen") by sixty days beyond the current deadline of June 3, 2024. (Doc. 33.) Having considered the application, along with the record in this case, Plaintiffs' application for an extension of sixty days to serve Defendant Xiamen will be granted.

**I.    BACKGROUND**

Plaintiffs, through counsel, filed this product liability case on July 25, 2023. (Doc. 1.) Summons and new case documents were issued the same day. (Docs. 2-3.) Plaintiffs filed their first amended complaint adding Defendant Xiamen on March 5, 2024. (Doc. 24.) Defendant Amazon.com Services, LLC ("Defendant Amazon") answered the first amended complaint on March 19, 2024. (Doc. 28.)

1

On May 15, 2024, the Court held a mid-discovery status conference at which counsel for Plaintiffs informed the Court that they had encountered difficulties in serving Defendant Xiamen and that Plaintiffs would attempt service on Defendant Xiamen via a California address they obtained and attempt to contact Defendant Xiamen via an email address to determine whether there were more efficient ways of effecting service. (Doc. 32.) Plaintiffs' counsel further indicated that Plaintiffs might file an *ex parte* application for substitute service. (*Id.*) At that conference, the Court reminded the parties that permitting substitute service required a party show diligence in service efforts and directed the parties to further meet and confer to distill or resolve the discovery issues related to Defendant Amazon's responses to Plaintiffs' interrogatories and requests for production. (*Id.*)

On May 30, 2024, Plaintiffs filed the instant *ex parte* application to extend the time for service by 60 days beyond the current deadline for service of June 3, 2024. (Doc. 33.)

## II.    LEGAL STANDARD

Rule 4(m) provides that, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

"At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). "A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.1987)). Whether good cause for the delay has been shown is determined on a case by case basis. *Oyama v. Sheehan*, 253 F.3d 507, 512 (9th Cir.2001). The Ninth Circuit has also held that district courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *See Lemoge v. United States*, 587 F.3d 1188 (9th Cir.2009). This holding is also consistent with the Advisory Committee's notes to Rule 4(m), which state that the rule "explicitly provides that the court shall

allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee's note.

### III. DISCUSSION

Plaintiffs have submitted an *ex parte* application requesting an extension of sixty days beyond the current deadline of June 3, 2024 to serve Defendant Xiamen. (Doc. 33.) In the application, Plaintiffs note that Defendant Amazon does not oppose this request. (*Id.* at 2.) Plaintiffs' counsel contends that Plaintiffs have been diligent in their attempts to serve Defendant Xiamen and states that service attempts of Defendant Xiamen have included attempts at personal service at two U.S. addresses provided by Defendant Amazon, a request to serve Defendant Xiamen through the Hague Convention, and attempts to contact Defendant Xiamen through four email addresses to verify that those would be effective contacts for Defendant Xiamen, none of which has yet yielded a response from Defendant Xiamen. (Doc. 33-1 ¶¶ 4-22.) Plaintiffs note that they request this extension to allow sufficient time for service through the Hague Convention, or, if that is ineffective, for Plaintiffs to bring a motion to request service by alternate means of Defendant Xiamen. (Doc. 33 at 8.) Plaintiffs further contend that they will be prejudiced if they are not permitted time to bring Defendant Xiamen into the action, that Defendant Amazon will not be prejudiced as it does not oppose this application, that Defendant Xiamen will not be prejudiced as it is alleged to be related to the defective product at issue, and that Defendant Xiamen likely received actual notice of the lawsuit due to the terms of the Amazon Business Solutions Services Agreement which required Defendant Xiamen to indemnify Defendant Amazon. (Doc. 33 at 6-8; Doc. 33-1 ¶ 23; Doc. 33-15 at 3.)

Given Plaintiffs' efforts in attempting to locate and serve Defendants and the lack of prejudice to Defendants that would result from an extension, the Court finds good cause for allowing an extension of sixty days for Plaintiffs to effectuate service. Accordingly, the Court will grant Plaintiffs' request for additional time to effectuate service. Plaintiffs are cautioned that further extensions will not be granted absent a demonstrated showing of good cause. Fed. R. Civ.

3

P. 4(m).

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs' *ex parte* application for an order granting an extension of sixty days to effectuate service of Defendant Xiamen (Doc. 33) is HEREBY GRANTED. The time to effectuate service on Defendant Xiamen pursuant to Federal Rule of Civil Procedure 4(m) is HEREBY EXTENDED by sixty (60) days from the current deadline of June 3, 2024. Plaintiffs must serve Defendant Xiamen on or before **September 2, 2024**.

IT IS SO ORDERED.

Dated:   **May 31, 2024**                    /s/ Barbara A. McAuliffe           
                                                                    UNITED STATES MAGISTRATE JUDGE