UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE KNUPP, individual, and as plaintiff's mother and guardian on behalf of minor child, L.K., <br><br> Plaintiffs, <br><br> v. <br><br> Amazon.com Services, LLC ("AMAZON"), is a Delaware limited liability company; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.  1:23-cv-01112-KES-BAM <br><br> **ORDER GRANTING PLAINTIFFS' ADMINISTRAIVE MOTION TO FILE PETITION TO APPROVE COMPROMISE OF PENDING ACTON INVOLVING MINOR UNDER SEAL** <br><br> (Doc. 40) <br><br> ORDER VACATING HEARING |

  Currently before the Court is an administrative motion pursuant to Local Rule 141 to permit Plaintiffs Joanne Knupp and minor child L.K. (collectively "Plaintiffs") to seal the amount the minor child is to receive in Plaintiffs' Petition to Approve Compromise of Pending Action Involving Minor, the supporting Declaration of John K. Buche, and to seal the Life Care Plan prepared for L.K.  (Doc. 40.)  Plaintiffs also move the Court to grant and approve Plaintiffs' Petition to Approve Compromise of Pending Action Involving Minor.  (*Id.* at 2.)  Defendant Amazon has not opposed the motion to seal or the petition for approval of the compromise of the pending acting involving minor.  The Court finds it appropriate to address the administrative motion to file the petition under seal prior to resolving the petition to approve compromise.  The administrative motion is suitable for resolution without oral argument and the hearing currently

1

set for October 25, 2024, is HEREBY VACATED.[1]  The matter is deemed submitted on the record.  L.R. 230(g).

## LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. *Kamakana*, 447 F.3d at 1179-80; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

Courts in this district have found that "a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard." *Cantu v. Kings County*, No. 1:20-cv-00538-JLT-SAB, 2023 WL 7287006, at *1 (E.D. Cal. Oct. 3, 2023) (citing *Patino v. County of Merced*, No. 1:18-cv-01468-AWI-SAB, 2020 WL 8617417, at *2 (E.D. Cal. Sept. 11, 2020) (collecting cases)).  The "compelling reasons" standard requires showing more than just "good cause."  *In re Qualcomm Litig.*, No. 3:17-CV-00108-GPC-MDD, 2019 WL 845659, at *1 (S.D. Cal. Feb. 21, 2019) (citing *Kamakana*, 447 F.3d at 1180).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of

---

[1] The hearing on Plaintiffs' Petition to Approve Compromise of Pending Acton Involving Minor also is VACATED.  The petition will be submitted on the record upon the filing of the petition under seal.  L.R. 230(g).

1  records to gratify private spite, promote public scandal, circulate libelous statements, or release
2  trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he
3  mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or
4  exposure to further litigation will not, without more, compel the court to seal its records." *Id.*
5  (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

## DISCUSSION

Plaintiffs seek to seal the specific amount in settlement proceeds allocated for the minor child and have filed redacted versions of Plaintiffs' Petition to Approve Compromise of Pending Action Involving Minor (Doc. 40-3, Ex. A) and the declaration of John K. Buche in support of the petition (Doc. 40-5, Ex. C).  In support of the sealing request, Plaintiffs assert that the amount the minor child will receive from the settlement proceeds should be sealed because it is sensitive information that can be used against the minor child when the amount is released to the child. (Doc. 40 at 4.)  Plaintiffs indicate that for the privacy interests of the minor child, "the amount the child is receiving should be sealed to prevent third parties from targeting the child or soliciting the child when the child is old enough to control the funds."  (*Id.*)

The Court agrees that there are compelling reasons to seal the amount that the minor will receive from the settlement proceeds.  *See Medina v. County of Monterey*, 2024 WL 2112890, *2 (N.D. Cal. Apr. 16, 2024) (finding compelling reasons to seal the settlement amounts because they "are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff"); *Huff v. Thousandshores, Inc.*, No. 21-cv-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (finding compelling reasons to seal the amount minor would receive from settlement to protect the minor's privacy interests and "to prevent third parties from targeting the child or soliciting the child when the child is old enough to control the funds"). Further, the redactions are narrowly tailored only to the specific amount the minor child is to receive.

Plaintiffs also seek to seal in its entirety the Life Care Plan prepared for the minor because it "contains highly sensitive information—a large portion of which is a discussion of the minor's medical records and future treatments." (Doc. 5 at 4.)  Plaintiffs explain that the Life Care Plan is

3

submitted pursuant to Local Rule 202 to assist the Court with determining the nature and extent of the injury. (*Id.* at 6.) It consists of a "summary of minor's medical records, discussion of medical records, discussion of medical information derived from an interview and examination of the minor, future medical requirement and treatments, and a discussion of costs of medical care." (*Id.*) The Court also finds compelling reasons to seal the Life Care Plan, which contains information concerning the minor's medical records, medical information, and medical treatment. *See Meyers v. Kaiser Foundation Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan 6, 2019) (finding compelling reasons to seal minor's personal and medical information).

## CONCLUSION AND ORDER

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Administrative Motion to File Petition to Approve Compromise of Pending Action Involving Minor Under Seal (Doc. 40) as detailed in this order is GRANTED.
2. Plaintiffs' counsel shall comply with Local Rule 141 regarding disposition of the documents for sealing.
3. Plaintiffs' counsel also shall file, as a separate docket entry, the redacted version of Plaintiffs' Petition to Approve Compromise of Pending Action Involving Minor and the redacted version of the Declaration of John K. Buche in support of Plaintiffs' Petition.

IT IS SO ORDERED.

Dated:   **October 18, 2024**            /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE