1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOANNE KNUPP, individual, and as          Case No.  1:23-cv-01112-KES-BAM
     plaintiff's mother and guardian on behalf of
11   minor child, L.K.,

12                 Plaintiffs,               FINDINGS AND RECOMMENDATIONS
                                             REGARDING PETITION TO APPROVE
13        v.                                 COMPROMISE OF PENDING ACTION
                                             INVOLVING MINOR
14   Amazon.com Services, LLC
     ("AMAZON"), is a Delaware limited       (Doc. 45)
15   liability company; and DOES 1-50,
     inclusive,                              FOURTEEN-DAY DEADLINE
16
                   Defendants.
17

18                      **Findings and Recommendations**

19   **I.      INTRODUCTION**

20        On October 18, 2024, Plaintiffs Joanne Knupp and minor L.K., through counsel, filed a

21   petition for court approval of the settlement and compromise of the minor's claims.  (Doc. 47.)

22   No opposition or objection to the petition has been filed.  The Court found the matter suitable for

23   disposition without oral argument pursuant to Local Rule 230(g).  (Doc. 44.)

24        Having considered the petition, the terms of the settlement, and the record in this matter,

25   the Court finds that the proposed settlement agreement and means of disbursement are fair and

26   reasonable.  For the reasons that follow, the Court will recommend that the Petition to Approve

27   Compromise of Pending Action Involving Minor be approved and granted.

28   **II.     BACKGROUND**

                                     1

Plaintiffs Joanne Knupp (individually and as guardian on behalf of her minor child) and minor L.K. ("Plaintiffs") filed this action against Amazon.com Services, LLC ("Amazon") on July 25, 2023.  Plaintiffs asserted claims for products liability, breach of implied warranties, negligent undertaking, and infliction of emotional distress.  The claims arose out of allegations that L.K. was seriously injured after she ingested a button battery that fell out of a wireless color-changing-LED light remote sold by Amazon.  (Doc. 1, Complaint at ¶¶ 1, 4.)  The damage allegedly was so severe to L.K.'s body that she was forced to go through fourteen surgeries to remove the button battery and to address damage to her organs.  (*Id.* ¶ 3.)

Amazon answered the complaint on September 13, 2023.  (Doc. 6.)

On November 17, 2023, the Court granted the application of Plaintiff Joanne Knupp to be appointed as guardian ad litem for Plaintiff L.K.  (Doc. 15.)  On the same date, the Court issued a Scheduling Conference Order, which set trial in this action for October 28, 2025.  (Doc. 16.)

On February 29, 2024, the Court granted Plaintiffs' unopposed motion for leave to file a first amended complaint to join Xiamen Huanoui Youxuan Jinchukou Youxian Gongsi ("Xiamen") as a defendant.  Plaintiffs asserted that Xiamen was a party associated with the allegedly defective product at issue and one that may have knowledge related to the manufacture and design of the product.   (Doc. 23.)

Plaintiffs filed their first amended complaint on March 5, 2024.  (Doc. 24.)  Amazon answered the amended complaint on March 19, 2024.  (Doc. 28.)

On May 31, 2024, due to difficulties with serving Xiamen, the Court granted Plaintiffs' *ex parte* application to extend the time for service of Xiamen to September 2, 2024.  (Doc. 34.) Subsequently, on June 16, 2024, Plaintiffs filed a motion to serve Xiamen through email.  (Doc. 35.)  On July 17, 2024, before the Court was able to resolve the motion, Plaintiffs and Amazon filed a notice of settlement and requested that the Court hold the motion for email service in abeyance pending finalization of the settlement.  (Doc. 36.)

On October 18, 2024, the Court granted Plaintiffs' administrative motion to file the petition to approve compromise of pending action involving minor under seal.  (Doc. 44.) Plaintiffs filed the petition for approval (redacted [Doc. 45] and under seal) on October 18, 2024.

1    Plaintiffs request the Court approve the settlement and dismissal of all claims asserted in this

2    action, and the petition is brought concerning the aspects of settlement pertaining to minor L.K.

3    (Doc. 45 at 2.)

4          **Terms of Settlement**

5          On July 12, 2024, the parties agreed to settle this lawsuit as to all parties and all asserted

6    causes of action.  (Doc. 45 at 3; Doc. 45-1, Declaration of John Buche ("Buche Decl.") ¶ 4).)

7    They executed a further Settlement Agreement ("Settlement Agreement") on August 30, 2024,

8    "which resolves all issues and disputes in this action, as well as a release of all claims that could

9    have been brought by the Plaintiffs or other family members in connection with the events of the

10   incident."  (Doc. 45 at 5.)

11         The Settlement Agreement provides that defendants or their insurers will pay a lump sum

12   payment of ▮▮▮▮▮▮▮.  (Buche Decl. ¶ 5.)  In exchange, Plaintiffs will dismiss all claims and

13   release and discharge defendants from all claims that Plaintiffs and Plaintiffs' family members

14   have or may have against defendants arising from the allegations in the complaint and all matters

15   that could have been alleged in the complaint.  (*Id.*; Doc. 45 at 5.)

16         Pursuant to a client fee agreement, Plaintiffs' counsel, the Buche Law Firm, P.C., will be

17   compensated with 40% of the total amount, which is ▮▮▮▮▮▮, and reimbursed for advanced

18   expenses.  (Doc. 45 at 5-6; Buche Decl. ¶ 8.)

19         Plaintiffs will allocate the bulk of the settlement to Joanne Knupp and her minor daughter,

20   L.K.  After deduction of litigation expenses, the amount of ▮▮▮▮▮▮ will be allocated to

21   Joanne Knupp and her daughter, with ▮▮▮▮▮▮ for Joanne Knupp for her pain and suffering,

22   and ▮▮▮▮▮▮ for the minor child L.K.'s pain and suffering.  (Doc. 45 at 5; Buche Decl. ¶ 8.)

23   L.K.'s fund will be placed in a fiduciary blocked account in California structured by lawyers and

24   professional special needs bankers from the Merrill Lynch Wealth Management, Special Needs

25   Team, which account will permit the minor child's parents, as fiduciaries, to work with

26   professional financial advisors to invest the amount conservatively so it appreciates prudently

27   while the minor is growing up and thereafter for her benefit.  (Doc. 45 at 6; Buche Decl. ¶¶ 8-9.)

28   Plaintiffs indicate that the minor also will likely benefit as her mother will also receive settlement

                                        3

1  funds.

2  **III.    DISCUSSION**

3      **A. Legal Standard**

4      No compromise or settlement of a claim by a minor is effective unless it is approved by

5  the Court.  L.R. 202(b).  In actions in which the minor is represented by an appointed

6  representative pursuant to appropriate state law, excepting only those actions in which the United

7  States courts have exclusive jurisdiction, the settlement or compromise must first be approved by

8  the state court having jurisdiction over the personal representative. L.R. 202(b)(1).  In all other

9  actions, the motion for approval of a proposed settlement or compromise must disclose, among

10  other things, the following:

11      the age and sex of the minor. . . , the nature of the causes of action to be settled or
        compromised, the facts and circumstances out of which the causes of action arose,
12      including the time, place and persons involved, the manner in which the
        compromise amount . . . was determined, including such additional information as
13      may be required to enable the Court to determine the fairness of the settlement or
        compromise, and, if a personal injury claim, the nature and extent of the injury
14      with sufficient particularity to inform the Court whether the injury is temporary or
        permanent. If reports of physicians or other similar experts have been prepared,
15      such reports shall be provided to the Court . . . .

16  L.R. 202(b)(2).

17      Additionally, when, as here, the minor is represented by an attorney, the representation

18  must be disclosed to the Court, including the terms of employment and whether the attorney

19  became involved in the application at the instance of the party against whom the causes of action

20  are asserted, whether the attorney stands in any relationship to that party, and whether the

21  attorney has received or expects to receive any compensation, from whom, and the amount.  L.R.

22  202(c).

23      Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to

24  safeguard the interests of litigants who are minors.  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

25  (9th Cir. 2011).  In the context of proposed settlements in suits involving minor plaintiffs, the

26  district court's special duty requires it to "conduct its own inquiry to determine whether the

27  settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d

28  1075, 1080 (9th Cir. 1978)).  In the Ninth Circuit, courts reviewing the settlement of a minor's

4

federal claims must "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. A district court should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* However, the Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

Here, all of Plaintiffs' claims arise under California law and the Court has diversity jurisdiction over the matter. In considering the fairness of the settlement of a minor's claims in these circumstances, federal courts sitting in diversity are generally guided by state law. *See L.J. by & through Johnson v. Amazon.com, Inc.,* No. 23-cv-01662-TWR-JLB, 2024 WL 5098221, at *3 (S.D. Cal. Dec. 12, 2024) (applying California law in evaluating compromise of minor's claims where court sitting in diversity); *Fitzgerald v. Papa Murphy's Int'l, LLC*, No. 18-cv-01214-JAM-DB, 2019 WL 6327577, at *2 (E.D. Cal. Nov. 25, 2019) (applying California law in evaluating compromise of minor's claims where court sitting in diversity); *Lauris v. Novartis AG*, No. 1:16-cv-00393-SAB, 2018 WL 5848883, at *2 (E.D. Cal. Nov. 6, 2018) (same); *Chance v. Protective Life Ins. Co.*, No. 1:15-cv-01588-DAD-MJS, 2016 WL 900052, at *2 (E.D. Cal. Mar. 9, 2016) (noting federal courts sitting in diversity generally are guided by state law in considering the fairness of a settlement of a minor's claims). California law requires court approval of a settlement for a minor and attorney's fees to represent a minor. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601(a).

**B. Analysis**

The petition for minor's compromise and supporting declaration set forth information required by Local Rule. The petition explains that Plaintiff L.K. is a three-year-old girl.  The asserted causes of action to be settled are:  (1) negligent product liability; (2) strict product liability—design and manufacturing defect; (3) strict product liability—failure to warn of defective condition; (4) breach of implied warranty; (5) negligence/negligent undertaking/enterprise; and (6) infliction of emotional distress.  (Doc. 45 at 3.)  The petition identifies the following facts and circumstances that gave rise to the causes of action in this case:

On or around February 16, 2023, L.K. was seriously injured after ingesting a button battery that fell out of a remote for changing the color of LED lights.  "Button batteries," as explained by Plaintiffs, are small round batteries that are typically lithium-ion and are tremendous swallowing hazards to small children.  If swallowed, an electrical current can form in the body where the battery is lodged, and hydroxide, an alkaline chemical surrounds the battery and can cause tissue burns.  As a result of ingesting the button battery, L.K. experienced extreme pain and suffering, which required numerous surgeries to remove the button battery and address the damage to her organs.  The product at issue is a "Homemory" branded remote control for changing the color of LED lights.  Plaintiffs allege the product was distributed, marketed, sold, fulfilled and delivered by defendants without having sufficient warnings or a sufficient securing mechanism that would prevent a battery from easily falling out.  (Doc. 45 at 4.)

Plaintiffs further explain that L.K. underwent 14 surgeries to address the issues caused by the button battery and she suffered tremendously from near organ failures, acute respiratory failure, enlarged heart, and she had to be closely managed at all times because of a critical airway. She received a femoral PICC line and a feeding tube, which also had complications that required surgical gastrojejunostomy tube exchange.  She underwent MRIs, MRAs, CTAs, CT scans, EKGs, X-rays, bronchoscopies, microlaryngoscopy fluoroscopic esophagrams, laparoscopic gastroduodenostomy, and repeated exploratory surgeries under anesthesia.  She was under a disorienting haze of drugs and anesthesia for months.  Because of all the drugs and trauma, L.K. went through physical drug withdrawal, and she had to be weaned off of drugs with combinations of Clonidine, Oxycodone, acetaminophen, and ibuprofen.  L.K. will have physical, cognitive and

1  psychological impairments and disabilities, which require lifelong medical care.  L.K.'s

2  diagnostic conditions and consequent circumstances will adversely impact her vocational and

3  avocational activities and opportunities, as well as her and her family's general quality of life.

4  (Doc. 45 at 4.)

5       Plaintiffs retained Robert Cooper, M.D., a Board-Certified Physical Medicine & Rehab

6  specialist, with a subspecialty in pediatric rehabilitative medicine, to provide a Life Care Plan for

7  L.K.  (*Id*.)  Plaintiffs submitted a copy of the Life Care Plan prepared by Dr. Cooper for the

8  Court's consideration.  (Ex. A to Buche Decl. (filed under seal).)

9        Considering the facts of the case, the claims against defendants, the nature and extent of

10  the injury, along with the Life Care Plan prepared by Dr. Robert Cooper, the Court finds the

11  settlement fair and reasonable.  The method of disbursement also appears fair and reasonable.

12       In addition, the instant petition seeks an award of attorneys' fees amounting to 40% of the

13  total recovery.  (Doc. 45 at 5-7.)  Plaintiffs Joanne Knupp and L.K. are represented by John

14  Buche of the Buche Law Firm, P.C.  According to the client fee agreement, the law firm agreed to

15  advance all "costs" in connection with the representation of both Plaintiffs, without any out-of-

16  pocket risk or cost to Plaintiffs.  Counsel explains that the fee agreement is "a typical staggered

17  contingency contract for product liability cases that provided that the firm would receive 33%

18  before filing a lawsuit; and 40% of the net recovery if recovery was obtained after filing of a

19  lawsuit."  (Doc 45 at 5; Buche Decl. ¶ 3.)  If there was no recovery, then the firm would receive

20  nothing in exchange for their services.  (Doc. 45 at 5.)  Plaintiffs explain that Mr. Buche and his

21  firm were retained at the outset of this case before a complaint was filed and any causes of action

22  asserted.  Prior to being retained, the firm did not have a relationship with the Plaintiffs and no

23  one working for the firm had a relationship with the Plaintiffs.  (Doc. 45 at 7; Buche Decl. ¶ 2.)

24       Attorneys' fees in the amount of 25% are the typical benchmark in contingency cases

25  involving minors.  *See Johnson*, 2024 WL 5098221, at *4 (explaining district courts applying

26  California law, in contingency fee cases, historically have limited attorneys' fees for representing

27  a minor to 25% of the gross recovery); *Chance*, 2016 WL 900052, at * 3 (noting practice in

28  Eastern District of California to consider 25% of the recovery as the benchmark for attorney's

1  fees in contingency cases involving minors and collecting cases).  "[A]bsent a showing of good

2  cause, courts in the Eastern District of California generally consider 25 percent of the recovery as

3  the benchmark for attorney's fees in contingency cases for minors." *Garcia v. Yuba Cnty.*

4  *Sheriff's Dep't*, No. 2:19-CV-02621-KJM-DB, 2024 WL 4454036, at *2 (E.D. Cal. Sept. 6,

5  2024); *see also V.C. by & through Anaya v. Hunterwood Techs. USA, Ltd.*, No. 21cv888-

6  AJB(LR), 2023 WL 2914284, at *5 (S.D. Cal. Apr. 11, 2023), (noting most courts require a

7  showing of good cause to award more than 25% of any recovery), report and recommendation

8  adopted, No. 21-cv-00888-AJB-LR, 2023 WL 4047589 (S.D. Cal. Apr. 17, 2023); *Johnson*, 2024

9  WL 5098221, at *4.  In determining good cause, courts may consider factors "such as the amount

10  of the fee in proportion to the value of the services performed; the novelty and difficulty of the

11  questions involved and skill required to perform the legal services; the amount involved and the

12  results obtained; the experience and ability of the attorney; the time and labor required; the

13  informed consent of the representative of the minor; and the risk of loss borne and amount of

14  costs advanced by the attorney if the fee is contingent." *Johnson*, 2024 WL 5098221, at *5.

15       Plaintiffs' request for 40% of the total settlement amount exceeds the 25% typical

16  benchmark for contingency cases involving minors.  However, good cause exists to award a

17  higher fee in this case.  Based on the information provided in the moving papers and supporting

18  declaration, counsel appears to have expended significant time and resources to obtain a favorable

19  result for their clients in this case.  This includes efforts both before and after filing the complaint

20  in this action, encompassing, among other things, significant research into the facts of the case by

21  ordering products from Amazon.com, researching the defendant companies and products,

22  interviewing witnesses, reviewing records, hiring a specialized foreign service company to assist

23  with service of process under the Hague Convention of Chinese corporate defendants, performing

24  extensive technical and legal research on worldwide standards for lithium-ion battery regulations

25  and designs, and working with experts.  (Buche Decl. ¶¶ 11, 16-17.)  Counsel also bore a risk of

26  loss while advancing costs to secure experts, including trust attorneys familiar with special needs

27  accounts, engineering experts, medical experts specializing in life care planning for injured

28  children, and a Merrill Lynch Special Needs team to help with financial management of funds in

1  special needs/blocked accounts.  (Buche Decl. ¶¶ 12-14.)  Other major expenses and risks

2  involved the whereabouts of potential defendants and complex issues of service of process and

3  corporate identification in China.  Counsel had a variety of documents translated into Chinese and

4  hired a specialized company to assist in service of process under the Hague Convention of

5  Chinese corporate defendants.  (*Id.* ¶ 15.)  Further, Plaintiffs' attorneys in this case have extensive

6  experience in complex litigation matters, including other button battery ingestion cases, and

7  certain of those attorneys have degrees in biology or have engineering experience useful in this

8  case.  (*Id.* ¶¶ 19-21.)  As a final matter, the minor's guardian ad litem signed a retainer agreement

9  consenting to the forty percent (40%) contingency fee.  (*Id.* ¶ 7.)  Although the Court is

10  concerned about the high percentage award, it recognizes the guidance in *Robidoux* that the

11  fairness of the minor's recovery be evaluated without regard to the proportion of the total

12  settlement value designated for counsel.  638 F.3d at 1182.  The Court therefore concludes that

13  the requested forty-percent attorneys' fee award is reasonable.

14         Based on the Court's calculations, counsel also appears to seek reimbursement of

15  advanced expenses or "costs" in the amount of ▮▮▮▮▮[1]  While counsel did not provide

16  specific information detailing the costs incurred, the Court notes that counsel advanced significant

17  costs to secure experts, including trust attorneys familiar with special needs accounts, engineering

18  experts, medical experts specializing in life care planning for injured children, and a Merrill

19  Lynch Special Needs team to help with financial management of funds in special needs/blocked

20  accounts.  (Buche Decl. ¶¶ 12-14.)  Other major expenses included complex issues of service of

21  process and corporate identification in China, translation of documents into Chinese, and the

22  hiring of a specialized company to assist in service of process under the Hague Convention of

23  Chinese corporate defendants.  (*Id.* ¶ 15.)  Given these significant litigation expenditures, the

24  Court finds the costs reasonable. *See Garcia*, 2024 WL 4454036, at *3 (finding costs fair and

25  reasonable even though plaintiffs' counsel did not provide specific information but identified

26  significant litigation expenditures, such as retention of expert witnesses).

27

28  _____

[1] Calculated as: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**IV.    CONCLUSION AND RECOMMENDATION**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1.  The petition to approve compromise of pending action involving minor (Doc. 45) be GRANTED, and the terms of the settlement, including payment of attorneys' fees and costs be APPROVED as fair and reasonable.

2.  Plaintiffs be directed to place the amount allocated to the minor child, L.K., in a fiduciary blocked account in California structured by lawyers and professional special needs bankers from the Merrill Lynch Wealth Management, Special Needs Team.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).  <u>To expedite the matter, if the parties have no objections, then the parties may each file a statement of non-objection before expiration of the fourteen-day period</u>.

IT IS SO ORDERED.

Dated:   **February 19, 2025**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

10